## BAKER v BALTIMORE & OHIO RD CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4893.   Decided Nov 25, 1935

Francis A. Hoover, Cincinnati, and Dudley Miller Outcalt, Cincinnati, for plaintiff in error.

Waite, Schindel & Bayless, Cincinnati, and Herbert Shaffer, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, J.

This is an action for wrongful death.

At the close of plaintiff's evidence the trial court sustained the motion of the defendant Railroad Company for an instructed verdict in its favor.

Error is prosecuted here by the plaintiff, administratrix, to the judgment entered on the instructed verdict.

The trial court sustained the motion for the reason that plaintiff's own evidence of contributory negligence barred a recovery. The granting of the motion by the trial court was not error.

Plaintiff's decedent, Lawrence Baker, was driving a truck. He undertook to drive the truck across defendant's railroad tracks at a crossing. The approach to the tracks was upgrade. The truck for some reason failed to pull the grade. Baker backed the truck down the grade and turned it around in a "Y", made by a private driveway. He thereupon backed the truck up the grade and onto defendant's tracks, where he was struck by defendant's train and killed.

There were several witnesses of the accident introduced by plaintiff to make out her case. They each and all who were looking at the truck testified that Baker at no time looked down the track to see if a train was coming. That there was nothing to obstruct the view for several hundred feet, and that a small cherry tree did not obstruct the view. The train whistled a considerable distance up the track which the witnesses near the crossing heard distinctly, although the whistle was not for the crossing in question. Witnesses endeavored to attract Baker's attention to the oncoming train, but were unable to make him hear. Baker came on across the tracks and "never raised his head. He was looking at the cab at the back wheels." "If he would have glanced up, he could have seen the train." It was a bright, sunshiny day. He did not stop the truck after he started backing up the grade onto the track. The only time he looked up was just as the train hit him. There was no evidence rebutting the above facts.

Thus we see plaintiff's evidence not only raised a presumption of decedent's negligence contributing to cause his death, but conclusively established contributory negligence on his part.

Judgment affirmed.

ROSS, PJ, and MATTHEWS, J, concur.